IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WESLEY COCHRAN, ) | |
| ) | |
|    Plaintiff ) | |
| ) | |
| vs. ) | **JURY TRIAL DEMAND** |
| ) | |
| BLACK JACK TIRE SUPPLIES, INC. & ) | Case No.: |
| JIM PARKER d/b/a BLACK JACK ) | |
| TIRE SUPPLIES, INC., ) | |
| ) | |
|    Defendants ) | |
| _____ ) | |

## COMPLAINT

COMES NOW the Plaintiff, through his counsel of record, and for his cause of action against Defendants alleges and states as follows:

### Parties, Jurisdiction, and Venue

1. Plaintiff is a Missouri resident.

2. Defendant Black Jack Tires Supplies, Inc. is a forfeited Kansas corporation that may be served with process at 3260 N. 7th St. Trafficway, Kansas City, Kansas 66615.

3. Defendant Jim Parker d/b/a Black Jack Tires Supplies, Inc. is a Missouri resident that may be served with process at 18902 Hwy 169 N, St. Joseph, Missouri 64505.

4. Jurisdiction and venue are proper in this Court under 28 U.S.C. §1331, as Plaintiff brings claims under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*

5. Plaintiff has exhausted all of his administrative remedies prior to bringing this suit and this action is timely commenced.

### Facts

6. Defendants operate a tire supply business with over thirty (30) employees at their principal place of business located at 3260 N. 7th St. Trafficway, Kansas City, Kansas 66615.

2677946

7. Defendants solicited Plaintiff to work for them as an Account Manager, promising that he would quickly earn in excess of $100,000.00 working for Defendants.

8. Plaintiff was interested and held a job interview with Defendants.

9. Plaintiff brought his certified service dog, Batman, to the interview.

10. Plaintiff is a Marine Corps veteran and suffers from physical disabilities and PTSD which substantially limit his major life activities.

11. He received Batman from the Warriors Best Friend organization, and Batman assisted him with his mobility and balance when he was standing and walking, assisted Plaintiff when his legs gave out, and alerted him when someone approached him from behind to avoid being surprised and potentially triggering his PTSD.

12. At the job interview, Defendants' representatives – including their Human Resources Manager – asked why Batman was present and whether Plaintiff would need Batman to accompany him at work.

13. Plaintiff explained that Batman was his service dog, outlined the services Batman performed for him, and told Defendants that he would need Batman to accompany and assist him at work.

14. Apparently satisfied by Plaintiff's explanation and his need for accommodation, Defendants offered him an Account Manager position.

15. Plaintiff accepted and began employment with Defendants on or about April 10, 2017 as an Account Manager.

16. Plaintiff's first week of employment was training and he brought Batman to work with him his first day on the job.

17.     That first day of training on or about April 10, 2017, a representative of Defendants – who identified himself to Plaintiff as the owner of the company – approached Plaintiff and questioned him about why he had Batman at work, and if Batman was really necessary to Plaintiff.

18.     Plaintiff again explained Batman was a service dog and outlined the services he performed, but Defendants insisted he was merely an emotional support dog they would not accommodate.

19.     In response, Plaintiff again explained Batman's origins as a certified service dog from the Warriors Best Friend organization and provided documentation confirming Batman's status as a certified service dog.

20.     Defendants told Plaintiff that they considered Batman as an emotional support dog which they would not accommodate at work.

21.     Because of this, Defendants told Plaintiff to take Batman home and not to bring him back into work while they looked further into the matter.

22.     Defendants forbid Plaintiff from bringing Batman to work for over a week.

23.     Plaintiff plead with Defendant for his need for his service dog, and offered to put them in touch with Warriors Best Friend to confirm what he was telling Defendants.

24.     On April 19, 2017, Defendants told Plaintiff that they had investigated the matter and had learned they were violating the Americans with Disabilities Act by denying him access to his service dog at work, and told Plaintiff he could bring Batman to work with him that day.

25.     Defendants action in allowing Batman to accompany Plaintiff at work are an implicit recognition they regarded Plaintiff as disabled.

26. The next day, April 20, 2017, Defendants reprimanded Plaintiff with a written warning for alleged substandard job performance.

27. The day after that, April 21, 2017, Defendants terminated Plaintiff.

### Count I - Americans with Disabilities Act (ADA)

28. Plaintiff incorporates the allegations set forth above and further states:

29. Plaintiff is a disabled person as defined by the ADA, 42 U.S.C. §12101 *et seq.*

30. Defendants are employers subject to the ADA.

31. Plaintiff was qualified to perform the essential functions of his job with Defendants.

32. Defendants terminated Plaintiff because of his disability.

33. As a direct and proximate result of Defendants' actions, Plaintiff has and will suffer damages, including lost wages and benefits, emotional distress, and pain and suffering.

### Count II – Kansas Act Against Discrimination (KAAD)

34. Plaintiff incorporates the allegations set forth above and further states:

35. Plaintiff is a disabled person as defined by the KAAD, K.S.A. §44-1001 *et seq.*

36. Defendants are employers subject to the KAAD.

37. Plaintiff was qualified to perform the essential functions of his job with Defendants.

38. Defendants terminated Plaintiff because of his disability.

39. As a direct and proximate result of Defendants' actions, Plaintiff has and will suffer damages, including lost wages and benefits, emotional distress, and pain and suffering.

### Count III – ADA Retaliation

40. Plaintiff incorporates the allegations set forth above and further states:

41. Plaintiff engaged in protected opposition to discrimination by requesting Defendants accommodate his service dog on an ongoing basis throughout his employment, including protesting Defendants' discriminatory actions in forbidding him from bringing his service dog to work.

42. Plaintiff suffered an adverse employment action when Defendant terminated him within days of his request he be allowed his service dog at work.

43. Defendants' termination of Plaintiff was directly and causally related to his protected opposition to discrimination.

44. As a direct and proximate result of Defendants' actions, Plaintiff has and will suffer damages, including lost wages and benefits, emotional distress, and pain and suffering.

### Count IV – KAAD Retaliation

45. Plaintiff incorporates the allegations set forth above and further states:

46. Plaintiff engaged in protected opposition to discrimination by requesting Defendants accommodate his service dog on an ongoing basis throughout his employment, including protesting Defendants' discriminatory actions in forbidding him from bringing his service dog to work.

47. Defendants termination of Plaintiff was an adverse employment action.

48. Defendants' termination of Plaintiff was directly and causally related to his protected opposition to discrimination.

49. As a direct and proximate result of Defendants' actions, Plaintiff has and will suffer damages, including lost wages and benefits, emotional distress, and pain and suffering.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, in an amount in excess of $75,000, including damages for back pay, reinstatement or front pay, pre-judgment interest, compensatory and punitive damages, attorney fees and costs, post-judgment interest until paid in full and for such other and further relief as this court deems just and proper.

KLENDA AUSTERMAN LLC

/s/ Aaron J. Good
Michelle L. Brenwald, #19287
Aaron J. Good, #25067
301 N. Main St., Ste. 1600
Wichita, KS  67202-4816
Tele.:  (316) 267-0331
Fax:  (316) 267-0333
mbrenwald@klendalaw.com
agood@klendalaw.com
*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and requests a trial by jury of all issues so triable herein.

KLENDA AUSTERMAN LLC

/s/ Aaron J. Good
Michelle L. Brenwald, #19287
Aaron J. Good, #25067
301 N. Main St., Ste. 1600
Wichita, KS  67202-4816
Tele.:  (316) 267-0331
Fax:  (316) 267-0333
mbrenwald@klendalaw.com
agood@klendalaw.com
*Attorneys for Plaintiff*

## **REQUEST FOR DESIGNATION OF PLACE OF JURY TRIAL**

COMES NOW the Plaintiff and requests a trial by jury of all issues so triable herein be held in the U.S. District Courts located in Wichita, Kansas.

                                       KLENDA AUSTERMAN LLC

                                       /s/ Aaron J. Good
                                       Michelle L. Brenwald, #19287
                                       Aaron J. Good, #25067
                                       301 N. Main St., Ste. 1600
                                       Wichita, KS  67202-4816
                                       Tele.:  (316) 267-0331
                                       Fax:  (316) 267-0333
                                       mbrenwald@klendalaw.com
                                       agood@klendalaw.com
                                       *Attorneys for Plaintiff*